IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JENNIFER L. WILLIS,<br>  *Plaintiff,*<br><br>  vs.<br><br>HP VENTURES GROUP LLC d.b.a.<br>HIGHPOINT LIVING, and HP VENTURES<br>GROUP LLC – DEVELOPMENT<br>SERVICES d.b.a. HIGHPOINT LIVING<br>  *Defendant.* | Case No.: 26-cv-3402 |

### COMPLAINT

NOW COMES Plaintiff, Jennifer Willis, by and through her attorneys, Aaron Hanford and and Prairie State Legal Services, and hereby states as follows:

### INTRODUCTORY STATEMENT

1. Defendants HP Ventures Group LLC ("HP Ventures") and HP Ventures Group LLC – Development Services ("HPVG Development") are respectively the owners and property managers of HIGHPOINT Highwood Station 546 ("Highwood Station"), a property located at 546 Green Bay Rd. in Highwood, IL, 60040 which has 37 units. Plaintiff Jennifer Willis ("Ms. Willis") is a tenant of Highwood Station. Ms. Willis alleges that Defendants violated the federal Fair Housing Amendments Act, the Illinois Human Rights Act, and the Illinois Retaliatory Eviction Act when they notified her on December 17, 2025 that they would not renew her lease. Ms. Willis alleges that Defendants chose to not renew her lease in retaliation for having threatened to file, and filed, a complaint with the Illinois Department of Human Rights for fair housing violations. She further alleges that Defendants unlawfully refused to provide her with

reasonable accommodation in modifying the policies and procedures related to showing her apartment to prospective renters.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §1331 (federal question jurisdiction) and §1343 (civil rights). The Court has jurisdiction over the state claims under 28 U.S.C. §1367 (supplemental jurisdiction) because the state claims are so related to the actions complained of in the federal claim that it is part of the same case or controversy.

3. Venue in this District is proper under 28 U.S.C. §1391 because the events complained of occurred in this District, in Lake County, Illinois.

## PARTIES

4. Plaintiff Jennifer Willis ("Ms. Willis") is a disabled individual and a resident of Lake County, Illinois. Her disabilities include autism, ADHD and diagnosed anxiety; during 2025, she also had a temporary mobility disability due to an ankle injury.

5. Defendant HP Ventures is a corporation registered in Illinois whose principal place of business is Illinois. HP Ventures is the owner of Highwood Station.

6. Defendant HPVG Development is a corporation registered in Illinois whose principal place of business is Illinois. HPVG Development is the property manager of Highwood Station.

## FACTS

7. Ms. Willis leased unit 203 at Highwood Station, 546 Green Bay Rd., Highwood, IL 60040 from Defendants beginning November 1, 2022.

8. During the period of her tenancy, Ms. Willis' written lease has been renewed three times, each time coming after the one time she remitted her rent late.

9.      Ms. Willis' current lease runs from May 1, 2025 through April 30, 2026, with a rent of $1,900 per month. She also pays a separate $150 per month parking fee to rent an underground parking spot and $155 per month for amenity fees.

10.     During the period Ms. Willis has lived at Highwood Station, she has had no lease violations or complaints raised against her.

11.     During her 3.5-year tenancy, Ms. Willis was late on rent only once, during the first year. This was due to a salary payment issue.

12.     Ms. Willis has at all other times during her tenancy made timely rent payments in full.

13.     The indoor parking area, where Ms. Willis pays $150 per month to park her car, has two spots marked for disabled individuals.

14.     In May of 2025, Ms. Willis underwent ankle replacement surgery. She obtained a 6-month temporary disabled parking placard to use during the recovery period.

15.     On or about May 5, 2025, in advance of this surgery, Ms. Willis made an oral request to use one of the indoor disabled parking spots during her recovery period.

16.     On May 5, through their agent Jerome Anselmo, Defendants initially replied that they could not provide one of the reserved spots because those spots were being rented to another individual without disabilities.

17.     After several back-and-forth emails between Ms. Willis and Mr. Anselmo on May 5th and 6th, Defendants continued to refuse to make the parking spot available to Ms. Wills.

18.     At 10:46 a.m. on May 6, Ms. Willis emailed Defendants that: "[i]f not occupied by placard holders and I do not have a resolution today that works for both parties I will file with the IL Dept of Human Rights."

19. At 11:06 a.m. on May 6, Defendant again refused to accommodate Ms. Willis as requested.

20. At 11:29 a.m., Ms. Willis notified Defendant that she would be filing a complaint against Defendants.

21. On or about May 6, 2025, Ms. Willis notified Defendants that she is a person with mental health disabilities; at that time, she provided a letter from her providers at Light on Anxiety Treatment Centers which disclosed her diagnoses of autism and anxiety.

22. On May 8, 2025, Ms. Willis filed a Fair Housing complaint with the Illinois Department of Human Rights, alleging discrimination based on disability.

23. On May 14, Ms. Willis notified Defendants that she intended to add newly developed details to her complaint.

24. Later that summer, Highwood Station maintenance person Damian Lear notified Ms. Willis that Defendants had begun not renewing the leases of individuals who filed complaints against the Defendants.

25. On December 17, 2025, Defendant HPVG Development sent Ms. Willis its notice of non-renewal, informing her that her lease would expire on April 30, 2026 and that they were opting to not renew her lease.

26. The notice stated "[w]e will be placing your unit on the market today" and that showings would begin "over the coming weeks."

27. Defendants' decision to not renew Ms. Willis' lease is retaliation against her for her good-faith threats to file, and filing of, discrimination claims against Defendants with the Illinois Department of Human Rights.

28. On December 19, Ms. Willis responded to the notice of non-renewal, requesting that Defendants make disability-related accommodations in the showing times and procedures as they re-rented her unit. Specifically, she requested "limited days and time windows within those days … to help maintain predictability and reduce disability related stress."

29. That same day, Defendants' Leasing Administration Consultant, Jordan Sheridan, refused Ms. Willis' request, stating "[w]e do not limit showings to certain days of the week. We make showings based on what works for the agents and prospective tenants." Later, they added "[t]he time for showings ultimately is dictated by the schedules of prospects, rather than our internal staff."

30. Defendants refused to provide Ms. Willis with the requested reasonable accommodation.

31. On December 31, 2025, Defendants' Leasing Agent Matthew Kaleb notified Ms. Willis of a planned showing to occur on January 2, 2026.

32. Also on December 31, Ms. Willis responded to Mr. Kaleb, renewing her request for reasonable accommodation due to a previously scheduled telehealth medical appointment.

33. On or about January 5, Ms. Willis sent a follow-up email to Defendants regarding this repeated reasonable accommodation request.

34. On or about December 31, 2026, Ms. Willis offered to provide a letter from her treating psychiatrist to support her need for these accommodations in the scheduling of rental showings.

35. Defendants did not respond to Ms. Willis' offer of a letter so, although she obtained it, she did not provide it.

36. Defendants' actions related to the showing of Ms. Willis' apartment amount to the refusal to provide a reasonable accommodation for Ms. Willis' disabilities.

37. Defendants' baseless decision to not renew, along with its discriminatory refusal to make reasonable accommodations in its showing procedures for Ms. Willis, have caused Ms. Willis substantial anxiety and distress.

38. Ms. Willis has, as of the time of this filing, been unable to secure new permanent housing, which not only causes her additional anxiety and distress, but places her at risk of imminent homelessness. These result in substantial emotional damages stemming out of discrimination against her disability and retaliation for pursuing her rights to protect herself against discrimination.

COUNT I – VIOLATION OF THE FAIR HOUSING AMENDMENTS ACT; RETALIATION
42 U.S.C. §3617 AND §3604(f)(3)(B)

39. . Ms. Willis re-alleges paragraphs 1-38 of this Complaint and incorporates the paragraphs herein.

40. By the actions and statements described above in paragraphs 1-38, Defendants have violated the Fair Housing Act 42 U.S.C. §3617. Specifically, Defendants have interfered with Ms. Willis in the exercise of, or on account of her having exercised the rights granted to her under 42 USC §3604 to protect herself from discrimination based on disability.

41. This interference occurred through Defendants' choice to not renew Ms. Willis' lease for any reason other than that she had made a good faith threat to exercise her legal right to file a complaint against Defendants for violating her rights.

42. Defendants' notice of non-renewal came a mere seven months, and within the same lease term, as Ms. Willis' threats to file, and filing of, a complaint with the Illinois Department of Human Rights.

6

43.     Defendants' decision to not renew Ms. Willis' lease is not based on a history of lease violations, or a history of non-payment. The stated intent to immediately re-rent the unit makes clear that the decision is not based on any need to remodel or upgrade the unit.

44.     Under 24 C.F.R. 100.600, Defendants' conduct as described in the foregoing paragraphs constitutes hostile environment harassment due to disability because it has interfered with her right to continue renting her home. These actions constitute a denial of Ms. Willis' right to rent her home due to her disability and the exercise of her rights to seek enforcement of the Act.

45.     Defendants' conduct was intentional, willful, or taken in reckless disregard of the rights of others, namely Ms. Willis.

46.     Ms. Willis is an "aggrieved party" and a "person" within the meaning of §§3602(i) and (d) of the FHAA.

47.     55. Ms. Willis has a "handicap" within the meaning of Section 3602(h) of the FHAA because of her diagnoses of anxiety, ADHD and autism, as well as her ankle injury.

48.     Defendants' actions have caused actual and consequential damage and extreme mental anguish including but not limited to the costs of moving and obtaining different housing.

49.     Defendants HP Ventures and HPVG Development contributed to the conduct described above.

COUNT II – VIOLATION OF THE FAIR HOUSING AMENDMENTS ACT; REFUSAL TO ACCOMMODATE
42 U.S.C. §3617 AND §3604(f)(3)(B)

50.     . Ms. Willis re-alleges paragraphs 1-38 of this Complaint and incorporates the paragraphs herein.

51.     By the actions and statements described above in paragraphs 1-38, Defendants have also violated 42 U.S.C. §3604(f)(3)(B) by refusing to provide Ms. Willis with a reasonable accommodation in its policies and procedures for showing units.

52.     Under 24 C.F.R. 100.600, Defendants' conduct as described in the foregoing paragraphs constitutes hostile environment harassment due to disability because the refusal to accommodate Ms. Willis in the apartment showing has interfered with her ability to use and enjoy her home.

53.     Defendants' conduct was intentional, willful, or taken in reckless disregard of the rights of others, namely Ms. Willis.

54.     Ms. Willis is an "aggrieved party" and a "person" within the meaning of §§3602(i) and (d) of the FHAA.

55.     Ms. Willis has a "handicap" within the meaning of Section 3602(h) of the FHAA because of her diagnoses of anxiety, ADHD and autism, as well as her ankle injury.

56.     These actions constitute a denial of Ms. Willis' right to rent her home due to her disability and the exercise of her rights to seek enforcement of the Act.

57.     Defendants' actions have caused actual and consequential damage and extreme mental anguish including but not limited to the costs of moving and obtaining different housing.

58.     Defendants HP Ventures and HPVG Development  contributed to the conduct described above.

COUNT III – VIOLATION OF THE ILLINOIS HUMAN RIGHTS ACT – RETALIATION
775 ILCS §5/6-101.5

59.     Ms. Willis re-alleges paragraphs 1-38 of this Complaint and incorporates the paragraphs herein.

60.     By the actions described above, Defendants have violated the Illinois Human Rights Act ("IHRA"). Under the IHRA, 775 ILCS §5/1-101 *et seq.*, it is a civil rights violation in a real estate transaction "to retaliate against a person because the person has opposed that which he or she reasonably believes to be unlawful discrimination … because the person has made a charge,

filed a complaint … or because the person has requested, attempted to request, used or attempted to use a reasonable accommodation…" 775 ILCS §5/6-101.5(a).

61.     Ms. Willis is an "aggrieved party" and a "person" within the meaning of Sections 1-103(B) and (L) of the IHRA. She has physical and mental disabilities within the meaning of Section 1-103(I) of IHRA.

62.     All Defendants are subject to IHRA and are "persons" within the meaning of Section 1-103(L).

63.     At all times relevant to this Complaint, Defendants knew that Ms. Willis threatened to file a complaint with the Illinois Department of Human Rights.

64.     Defendants' refusal to renew Ms. Willis' lease based upon her threats to complain, or her complaint, to IDHR constitute unlawful retaliation against protected activity under the IHRA.

65.     Defendants' actions have prevented Ms. Willis from using and enjoying her home like other tenants.

66.     Defendants' actions have caused actual damages and extreme mental anguish, as well as violating her civil rights.

67.     Defendants HP Ventures and HPVG Development contributed to the conduct described above.

COUNT IV – VIOLATION OF THE ILLINOIS HUMAN RIGHTS ACT – REFUSAL TO ACCOMMODATE
775 ILCS §5/3-102.1

68.     Ms. Willis re-alleges paragraphs 1-38 of this Complaint and incorporates the paragraphs herein.

69.     Under the IHRA, it is a civil rights violation "to refuse to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be

necessary to afford such person [with a disability] equal opportunity to use and enjoy a dwelling." 775 ILCS §5/3-102.1(C)(2).

70.     Ms. Willis is an "aggrieved party" and a "person" within the meaning of Sections 1-103(B) and (L) of the IHRA. She has physical and mental disabilities within the meaning of Section 1-103(I) of IHRA.

71.     All Defendants are subject to IHRA and are "persons" within the meaning of Section 1-103(L).

72.     At all times relevant to this Complaint, Defendants knew that Ms. Ms. Willis is a person with a mental health disability.

73.     Ms. Willis' reasonable accommodation request, seeking an exception to Defendants' policies on showing her unit to prospective renters, was necessary to provide her with an equal opportunity to use and enjoy her dwelling.

74.     Defendants violated §3-102.1 of the IHRA when they denied Ms. Willis an equal opportunity to use and enjoy her home by continually refusing her reasonable accommodation requests related to showing the apartment.

75.     Defendants' actions have prevented Ms. Willis from using and enjoying her home like other tenants.

76.     Defendants' actions have caused actual damages and extreme mental anguish, as well as violating of her civil rights.

77.     Defendants HP Ventures and HPVG Development contributed to the conduct described above.

COUNT V VIOLATION OF THE ILLINOIS LANDLORD RETALIATION ACT
765 ILCS §721/1 *et seq.*

10

78.      Ms. Willis re-alleges paragraphs 1-38 of this Complaint and incorporates the paragraphs herein.

79.      Under the Illinois Landlord Retaliation Act ("ILRA"), "[a] landlord may not knowingly … refuse to renew a lease or tenancy because the tenant has in good faith…exercised any right or remedy provided by law." 765 ILCS §721/5(7).

80.      Section 20 of the ILRA creates a rebuttable presumption of retaliation if the proscribed acts come within one year of the act against which retaliation is claimed.

81.      At all times relevant to this Complaint Plaintiff was a tenant of Defendants HP Ventures and HPVG Development.

82.      Plaintiff's good-faith threats to file a complaint and her complaint to the Illinois Department of Human Rights constituted the exercise of a right provided to Ms. Willis by law under the FHAA and the IHRA.

83.      Defendants' notice of non-renewal came approximately seven months after Ms. Willis first threatened to file a complaint.

84.      Defendants' notice of non-renewal was made in retaliation against Plaintiff's protected tenant activity.

85.      Plaintiff suffered actual and consequential damages due to Defendants' conduct.

PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that this Court:

   A. Find that all Defendants unlawfully discriminated against Plaintiff in violation of the Fair Housing Act.

   B. Find that all Defendants violated the Illinois Human Rights Act.

   C. Find that Defendants HP Ventures and HPVG Development violated the Illinois Landlord Retaliation Act..

D. Enjoin Defendants, and their agents, employees, and successors, and all other persons in active concert or participation with them, from:

    i. Refusing to renew Ms. Willis' lease, and require Defendants to execute a lease renewal with Ms. Willis;

    ii. Evicting Ms. Willis, or initiating eviction procedures, during the pendency of this case;

    iii. Discriminating on the basis of disability in any aspect of the rental of a dwelling to any tenant.

    iv. Making statements with respect to the rental of a dwelling that indicate a preference, limitation or discrimination based on disability.

    v. Failing or refusing to take such affirmative steps as may be necessary to prevent the recurrence of any discriminatory conduct in the future.

E. Award actual and consequential damages including emotional distress damages to Plaintiff in an amount to be determined at trial, and including two month's rent pursuant to 765 ILCS 721/10(c);

F. Award emotional and punitive damages to Plaintiff in an amount to be determined at trial;

G. Order that Defendants undergo Fair Housing training;

H. Award Plaintiff reasonable attorney's fees and costs pursuant to 42 U.S.C. §3613(c)) and 765 ILCS 721/10(c); and

I. Grant such further relief as the Court deems just and proper in this matter.

Respectfully submitted,

/s/ Aaron J. Hanford

One of Plaintiff's Attorneys

PRAIRIE STATE LEGAL SERVICES, INC.
Aaron Hanford, ARDC #6329778
Gautham Kaveti, ARDC #6296893
Kathryn Liss, ARDC #6297046
Attorneys for Plaintiff
325 Washington St.
Waukegan, IL 60085
Tel: (847) 662-6925
ahanford@pslegal.org
servicewaukegan@pslegal.org